UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:12CV-P30-M

**ROBERT EDDIE SHIRLEY**                                                                                   **PETITIONER**

**v.**

**RANDY WHITE**                                                                                          **RESPONDENT**

### MEMORANDUM OPINION

The petitioner, Robert Eddie Shirley, filed this action pursuant to 28 U.S.C. § 2254 seeking a writ of habeas corpus. The Court reviewed his petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review, the Court directed Shirley to show cause why his petition should not be dismissed for failure to comply with the statute of limitations. Shirley has now responded to the Court's show cause Order. Upon review, for the reasons set forth below, the Court will dismiss the petition as untimely.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Shirley was convicted by a jury of wanton murder on June 20, 2005, and sentenced to twenty years in prison. He filed an appeal of his conviction, which was affirmed by the Kentucky Court of Appeals on March 16, 2006. Shirley filed a RCr 11.42 motion in the Warren Circuit Court on January 19, 2009, which was denied. He appealed the denial to the Kentucky Court of Appeals, which affirmed the denial on January 28, 2011. Shirley then filed a motion for discretionary review in the Kentucky Supreme Court, and it was denied on October 24, 2011. Shirley initiated the instant action on February 20, 2012.

## II. ANALYSIS

Because Shirley's petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the provisions of the AEDPA apply. *Washington v. Hofbauer*, 228 F.3d 689, 698 (6th Cir. 2000). The AEDPA sets forth a statute of limitations for state prisoners seeking release from custody. The statute provides as follows:

> (d)(1) -- A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

In the present case, Shirley's conviction became final, for purposes of the AEDPA's statute-of-limitations period, on April 17, 2006, thirty days after the Kentucky Court of Appeals denied his direct appeal and the last date that he could have filed a motion for discretionary review in the Kentucky Supreme Court. RCr 12.02; Ky. R. Civ. P. 76.20.[1] Thus, he had until April 17, 2007, to file his petition for writ of habeas corpus in this Court unless there was a time-tolling collateral attack <u>pending</u> in state court at that time. *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001) (holding that the one-year statute of limitations may be tolled "for that amount of time in which 'a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending'") (quoting 28 U.S.C. § 2244(d)(2)). Shirley did not file his § 2254 petition by April 17, 2007, nor did he have any time-tolling collateral action pending during that time period.

Shirley filed a collateral attack challenging his conviction in state court on January 19, 2009. However, filing a post-conviction motion does not restart the one-year statute of limitations. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003). As the Sixth Circuit opined, "[t]he tolling provision does not, however, 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Id.* (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)) (internal quotation marks omitted); *Searcy v. Carter*, 246 F.3d 515, 519 (6th Cir. 2001). To hold otherwise would be to eviscerate the AEDPA's purpose of ensuring finality of state court judgments. *See Rhines v.*

---

[1]The time for filing a motion for discretionary review actually expired on April 15, 2006. However, since that date was a Saturday, the time ran until the following Monday, April 17, 2006. Ky. R. Civ. P. 76.40(1); Ky. R. Civ. P. 6.01.

*Weber*, 544 U.S. 269, 276 (2005) (observing that the AEDPA's time bar "quite plainly serves the well-recognized interest in the finality of state court judgments") (quoting *Duncan v. Walker*, 533 U.S. 167, 179 (2001)).

Shirley did not file a collateral attack of his state court conviction until after the applicable limitations period had expired. By the time Shirley sought post-conviction relief from the Warren Circuit Court on January 19, 2009, there was nothing left of the federal habeas one-year statute of limitations to toll. While Shirley's RCr 11.42 motion to vacate may have been timely under the Kentucky Rules of Criminal Procedure, to stop the clock from running for purposes of federal habeas review, he had to file his post-conviction motion before the expiration of the statute of limitations. *See Vroman v. Brigano*, 346 F.3d at 602. Therefore, his § 2254 petition seeking a writ of habeas corpus from this Court is time-barred.

However, since the one-year limitations period under AEDPA "is not jurisdictional[,] a petitioner who missed a deadline may still maintain a viable habeas action if the court decides that equitable tolling is appropriate." *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). In order to be entitled to equitable tolling, Shirley has the "burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). As the Sixth Circuit repeatedly has held, equitable tolling of the AEDPA should be applied "sparingly." *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

In his response to the show cause Order, Shirley points to several reasons for filing his petition untimely. He states that he is not an attorney, had no knowledge of the one-year statute of limitations, and relied on his counsel who did not inform him of the one-year statute. He also

states that he had no access to books or computers when he was housed at the Western Kentucky Correctional Complex (WKCC) and that "[t]o use the law computers at the [WKCC], one had to be a legal aide." Shirley states that he did not learn of the one-year statute of limitations until he was transferred to Green River Correctional Complex in February 2010. He states that the statute of limitations should run from the date he was transferred and that at that time he had an RCr 11.42 motion pending, which should have further tolled the statute of limitations. He states that his RCr 11.42 motion was pending until the Kentucky Supreme Court denied his motion for discretionary review on October 24, 2011. He filed his petition four months later on February 24, 2012.

Shirley's argument that he did not know of the one-year statute of limitations does not warrant equitable tolling. The Sixth Circuit has consistently recognized that ignorance of the law does not excuse prompt filing. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999). Moreover, "unfamiliarity with the legal process [or a] lack of education" is not a basis for equitable tolling. *Harvey v. Jones*, 179 F. App'x 294, 299 (6th Cir. 2006). *See also Griffin v. Rogers*, 399 F.3d at 637 (ignorance of the law is insufficient to warrant equitable tolling). "[A]n inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations." *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002). Even though Shirley did not have actual knowledge of the statute, he "had constructive knowledge that the one-year statute of limitations begins to run from the conclusion of direct review through a published opinion" of the Sixth Circuit. *Harvey v. Jones*, 179 F. App'x at 300; *Allen*, 366 F.3d at 402-03 (a defendant is charged with knowledge of 28 U.S.C. § 2254 and its time limits). Moreover, while Shirley states that he

could not access the "law computers" at WKCC because he was not a legal aide, he does not state why he could not have sought assistance from a legal aide.

Furthermore, attorney error usually will not satisfy the "extraordinary circumstances" threshold necessary to invoke equitable tolling. *Jurado v. Burt*, 337 F.3d 638, 644-45 (6th Cir. 2003); *see also Lawrence v. Florida*, 549 U.S. 327, 336 (2007) ("Attorney miscalculation is simply not sufficient to warrant equitable tolling."); *Whalen v. Randle*, 37 F. App'x 113, 120 (6th Cir. 2002) ("[A] lawyer's mistake is not a valid basis for equitable tolling."); *Harris v. Hutchinson*, 209 F.3d 325, 330-31 (4th Cir. 2000) (holding that attorney's misreading of AEDPA did not require equitable tolling). Likewise, "claims that a petitioner did not have professional legal assistance [is] not an extraordinary circumstance that would toll the statute of limitations." *Wilson v. Birkett*, 192 F. Supp. 2d 763, 766 (E.D. Mich. 2002). Shirley's arguments do not present "extraordinary circumstances" that would justify tolling the statute of limitations.

Shirley also alleges that the statute of limitations should be equitably tolled because he is actually innocent. He states that he was convicted because his ex-wife testified against him and that his counsel should have asserted the marital privilege to bar her testimony. The statute of limitations in § 2244(d)(1) may be equitably tolled when a habeas petitioner makes a credible claim of actual innocence based on new reliable evidence. *Schlup v. Delo*, 513 U.S. 298, 317 (1995); *see also Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005). Actual innocence means factual innocence, not mere legal insufficiency or legal innocence. *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Connolly v. Howes*, 304 F. App'x 412, 417 (6th Cir. 2008); *Souter*, 395 F.3d at 590. To make out a credible claim of actual innocence, Shirley is required to support his allegations of federal constitutional error with "new reliable evidence–whether it be exculpatory

scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. at 324. Without any new reliable evidence and facts showing actual innocence, even the existence of a meritorious claim of a federal constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a habeas claim that is time-barred by the statute of limitations. *Id.* at 316; *Connolly*, 304 F. App'x at 417. In the case at bar Shirley does not argue any new facts or present new reliable *evidence* that was not presented at trial. Therefore, he is not entitled to equitable tolling on the basis of actual innocence.

For these reasons, the Court concludes that this action is untimely. By separate Order, the Court will dismiss this action.

### III. CERTIFICATE OF APPEALABILITY

In the event that Shirley appeals this Court's decision, he is required to obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A district court must issue or deny a certificate of appealability and can do so even though the petitioner has yet to make a request for such a certificate. *Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002).

When a district court denies a petition on procedural grounds without addressing the merits of the petition, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the

matter, a reasonable jurist could not conclude either that the court erred in dismissing the motion or that the petitioner should be allowed to proceed further. *Id.* at 484. In such a case, no appeal is warranted. *Id.* This Court is satisfied that no jurists of reason could find its procedural ruling to be debatable. Thus, no certificate of appealability is warranted in this case.

Date: August 22, 2012

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Petitioner, *pro se*
Respondent
Attorney General, Commonwealth of Kentucky, Office of Criminal Appeals, 1024 Capital Center Drive, Frankfort, KY 40601

4414.010